IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KRISTAL BURGOS, *et al.*,

    **Plaintiffs,**

        **v.**           **Civil No.** 12-1641 (FAB)

ÁNGEL FONTÁNEZ-TORRES, *et al.*,

    **Defendants.**

## OPINION AND ORDER[1]

BESOSA, District Judge.

This civil-rights action was brought pursuant to 42 U.S.C. § 1983 ("section 1983") arising from the deaths of Jesús Emanuel González, Víctor Manuel Palomares, and Jean Carlos Palomares ("decedents"). Plaintiffs Kristal Burgos, widow of Jean Carlos Palomares; KPG, child of Jean Carlos Palomares; Lucy Cesáreo, mother of Jean Carlos Palomares and Víctor Manuel Palomares; Juan González-Carmona, brother of Jesús Emanuel González; JG and AG, children of Juan González-Carmona; Juan González-Vellón, father of Jesús Emanuel González; Victor González-Carmona, brother of Jesús Emanuel González; and Mayra Carmona, mother of Jesús Emanuel González (collectively, "plaintiffs") commenced this action on behalf of themselves and the decedents against defendants Ángel Fontánez-Torres ("Fontánez"), and the Commonwealth of Puerto Rico

---

[1] Logan Brown, a second-year law student at Georgetown University Law Center, assisted in the preparation of this Opinion and Order.

("Commonwealth").  Plaintiffs also claim damages pursuant to Article 1802 of the Civil Code of Puerto Rico.  ("article 1802").

Before the Court are defendants Fontánez's and the Commonwealth's motions to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) ("Rule 12(b)(6)").  (Docket Nos. 5 & 8.) For the reasons discussed below, the Commonwealth's motion to dismiss is **GRANTED**, and defendant Fontánez's motion to dismiss is **GRANTED in part and DENIED in part.**

I.   BACKGROUND

A.   Factual History

In their complaint, plaintiffs allege the following facts, which for the purpose of deciding defendants' motions to dismiss, the Court takes as true.  Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010):

Plaintiffs contend that on July 17, 2011, defendant Fontánez negligently killed the decedents at La Placita Barceló, Santurce.[2]  (Docket No. 1 at p. 3.)  The decedents were at La Placita Barceló at approximately 3:44 a.m. when they got into a verbal disagreement with defendant Fontánez.  Id.  Defendant

_____

[2] The complaint also lists John Doe and Jane Doe ("unnamed defendants") as other officers who "participated in the violation of the specified decedent civil rights."  (Docket No. 1 at p. 3.) Unnamed defendants have since been unaddressed, and plaintiffs have failed to show good cause for their failure to serve them within the time specified (120 days) in the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 4(m).  Therefore, the Court hereby **DISMISSES WITHOUT PREJUDICE** all unnamed defendants in the complaint.

Fontánez, an agent of the Special Investigations Unit of the Puerto Rico Police Department (NIE), took out his weapon and shot the decedents.  Id. Jesús Emanuel González died on the scene, Víctor Manuel Palomares died at the hospital, and Jean Carlos Palomares died at Centro Médico.  Id.  There is no allegation that the decedents used weapons against defendant Fontánez.  Id. at p. 4.

   **B.   Procedural History**

      On August 7, 2012, plaintiffs filed suit alleging three causes of action:  First, plaintiffs allege violations of the decedents' rights under the Fourth and Fourteenth Amendments. Second, minor plaintiff KPB alleges that, as the sole heir of Jean Carlos Palomares, KPB is entitled to receive full, just, and fair compensation for the damages suffered by Jean Carlos Palomares. Plaintiffs Juan González-Vellón and Mayra Carmona allege that, as the sole heirs of Jesús Emanuel González, they are entitled to receive full, just, and fair compensation for the damages suffered by Jesús Emanuel González.[3]   Third, plaintiffs allege that defendant Fontánez's actions constitute a tort pursuant to article 1802 of the Civil Code, and that, as Fontánez's employer, the Commonwealth is liable.  (Docket No. 1 at pp. 4-5.)

_____

      [3] Plaintiffs also allege that Lucy Cesáreo is entitled to compensation as an heir of Víctor Manuel Palomares, although they do not specifically allege that she is an heir.  (Docket No. 1 at p. 7.)

On September 17, 2012, defendant Commonwealth filed a
motion to dismiss pursuant to Rule 12(b)(6). (Docket No. 5.) The
Commonwealth contends that it is immune to suit in federal court
for damages pursuant to the Eleventh Amendment of the United States
Constitution.[4] Id. at 8. On October 24, 2012, defendant Fontánez
also filed a motion to dismiss pursuant to Rule 12(b)(6). (Docket
No. 8.) First, Fontánez contends that plaintiffs do not have a
cognizable claim against him pursuant to section 1983 because his
actions did not take place under color of law. Id. at p. 5.
Second, Fontánez contends that plaintiffs' complaints are time-
barred. Id. at p. 8.

On December 3, 2012, plaintiffs opposed defendant
Fontánez's motion to dismiss arguing that (1) Fontánez was acting
under color of state law because he was responding to a robbery;
(2) pursuant to the Puerto Rico Police Department's Bylaws, "police
agents are police agents 24 hours a day;" (3) the statute of
limitations for the claims of minor plaintiffs KPB, JG, and AG are
tolled because they are minors; and (4) the adult plaintiffs

---

[4] Defendant Commonwealth also requests that the Court examine
whether the plaintiffs disregarded Federal Rule of Civil Procedure
11(b), which "prohibits . . . the offering of 'frivolous'
arguments." Young v. City of Providence ex rel. Napolitano, 404
F.3d 33, 39 (1st Cir. 2005). Case law is unambiguously clear that
the Commonwealth is immune to suits brought pursuant to
section 1983. Rule 11(c)(2), however, requires a motion for
sanctions "be made separately from any other motion . . . ." Fed.
R. Civ. P. 11(c)(2). Therefore, while parties should take the
foregoing into consideration when appearing before the Court, there
will be no sanctions for this case.

learned of the deaths of their relatives on July 17, 2011,[5] but did not know who killed them on that date.[6]  (Docket No. 12 at pp. 2-3.)  Plaintiffs failed to oppose the Commonwealth's motion to dismiss.

## DISCUSSION

## II.  Section 1983 Standing

"Standing is the determination of whether a specific person is the proper party to bring a particular matter to the court for adjudication." Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 104 (1st Cir. 1995) (citing Erwin Chemerinsky, Federal Jurisdiction § 2.3, at 48 (1989)).  A federal court is obliged to examine plaintiffs' standing pursuant to Article III of the United States Constitution whether or not the issue is raised by the litigants. See Juidice v. Vail, 430 U.S. 327, 331 (1977); Pagán v. Calderón, 448 F.3d 16, 26 (1st Cir. 2006).

As a general rule, plaintiffs do not have standing to assert claims for the violation of another person's legal rights.  Allen v. Wright, 468 U.S. 737, 751 (1984); Ramírez-Lluveras v. Pagán-Cruz, 833 F. Supp. 2d 151, 156-57 (D.P.R. 2011).  ("First Circuit

---

[5] The plaintiffs' opposition states July 14, 2011, as the date the plaintiffs learned of the deaths, but for the purposes of evaluating the claim, the Court will adopt the date of the incident listed in the complaint, July 17, 2011, because it is most favorable to the plaintiffs, who are the non-moving party.  (Docket No. 12 at p. 3.)

[6] Plaintiffs do not provide the date that the adult plaintiffs learned who killed decedents.

case law holds that surviving family members cannot recover in an
action brought under section 1983 for deprivation of rights secured
by the federal constitution for their own damages from the victim's
death unless the unconstitutional conduct was aimed at the familial
relationship.")  Robles-Vázquez v. García, 110 F.3d 204, 206 n. 4
(1st Cir. 1997).  ("State action that affects the parental
relationship only incidentally, even though the depravation may be
permanent as in the case of an unlawful death, is not sufficient to
establish a violation of an identified liberty interest.")
González-Rodríguez v. Alvarado, 134 F. Supp. 2d 451, 453 (D.P.R.
2001) (citing Valdivieso Ortiz v. Burgos, 807 F.2d 6, 8 (1st Cir.
1986)).  Therefore, "only the person toward whom the state action
was directed, and not those incidentally affected may maintain a §
1983 claim."  Pérez-Sánchez v. Pub. Bldg. Auth., 556 F. Supp. 2d
227, 239 (D.P.R. 2007).

    "As an exception to the general rule, an heir has standing to
bring a Section 1983 action on behalf of a deceased person if the
law of the state embracing the federal district court where the
action is commenced permits recovery."  Ramírez-Lluveras, 833 F.
Supp. at 157 (citing Robertson v. Wegmann, 436 U.S. 584 (1978)).
Article 1802 of the Civil Code allows immediate heirs of decedents
to bring decedents' claims for damages for pain and suffering.
Rossi-Cortés v. Toledo-Rivera, 540 F. Supp. 2d. 318, 327 (D.P.R.
2008).

The alleged shooting of the decedents by defendant Fontánez did not target the familial relationships of any of the plaintiffs. As a result, no plaintiff has standing to sue pursuant to section 1983 in his or her personal capacity. As shooting victims, however, the decedents suffered pain and discomfort, thus permitting their heirs to recover damages on the decedents' behalf. See Rossi-Cortés, 540 F. Supp. 2d at 327. Accordingly, the Court finds that the decedents' heirs have standing to bring the suit pursuant to section 1983. The complaint lists minor plaintiff KPB, Juan González-Vellón, Mayra Carmona, and Lucy Cesáreo as the heirs of the decedents. The complaint does not allege that plaintiffs Juan González-Carmona, Víctor González-Carmona, or minor plaintiffs JG and AG are heirs of any of the decedents, therefore, their section 1983 claims are **DISMISSED with prejudice.**[7]

## III. Rule 12(b)(6) Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), a "court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . . ." R.G. Fin. Corp. v.

---

[7] Puerto Rico case law permits relatives, either "by blood ties or by love and affection," of a deceased victim who suffer moral damages to file independent causes of action against the person causing the unlawful death of a loved one. García v. Municipality of Orocovis, 356 F. Supp. 2d 87, 90 (D.P.R. 2005). Because all plaintiffs are relatives of decedents, the Court finds that all plaintiffs have standing to bring claims pursuant to article 1802.

Vergara-Núñez, 446 F.3d 178, 182 (1st Cir. 2006).  "[A]n adequate
complaint must provide fair notice to the defendants and state a
facially plausible legal claim."  Ocasio-Hernández v. Fortuño-
Burset, 640 F.3d 1, 11 (1st Cir. 2011).  Any "[n]on-conclusory
factual allegations in the complaint must . . . be treated as true,
even if seemingly incredible."  Id. (citing Ashcroft v. Iqbal, 556
U.S. 662, 681 (2009).  Where those factual allegations "'allow[]
the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged,' the claim has facial
plausibility."  Id. (quoting Iqbal, 556 U.S. at 663).

## IV.  Analysis

### A.  Section 1983 Claims Against the Commonwealth

Section 1983 "affords redress against a person, who under
color of state law, deprives another person of any federal
constitutional or statutory right."[8]  Omni Behavioral Health v.
Miller, 285 F.3d 646, 650-51 (8th Cir. 2002) (citing City of
Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).  It creates "no
independent substantive right, but rather, provides a cause of

---

[8] 42 U.S.C. § 1983 provides: "Every person who, under color of
any statute, ordinance, regulation, custom, or usage, of any State
or Territory or the District of Columbia, subjects, or causes to be
subjected, any citizen of the United States or other person within
the jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws,
shall be liable to the party injured in an action at law, suit in
equity, or other proper proceeding for redress. For the purposes of
this section, any Act of Congress applicable exclusively to the
District of Columbia shall be considered to be a statute of the
District of Columbia."

action by which individuals may seek money damages for governmental violations of rights protected by federal law." Cruz-Erazo v. Rivera-Montañez, 212 F.3d 617, 621 (1st Cir. 2000).

It is well-settled that in order for a claim to be cognizable pursuant to section 1983, a court must determine: "(1) whether the conduct complained of was committed by a person acting under the color of state-law; and (2) whether this conduct deprived a person of the rights, privileges or immunities secured by the Constitution or laws of the United States." Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989) (citations omitted).

A "defendant" has to be a "person" because section 1983 only imposes liability on "persons." See, e.g., Martínez-Vélez v. Simonet, 919 F.2d 808, 810 (1st Cir. 1990). The Supreme Court has held that a state, its agencies, and state officials acting in their official capacities are not "persons" within the meaning of section 1983 and cannot be sued pursuant to section 1983. Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989).

Because the Commonwealth is not a "person" for section 1983 purposes, plaintiffs do not have a cognizable cause of

action against the Commonwealth pursuant to section 1983.[9]
Therefore, defendant Commonwealth's motion to dismiss the
section 1983 claim against it is **GRANTED** and plaintiffs'
section 1983 claim against the Commonwealth is **DISMISSED WITH
PREJUDICE**.[10]

### B.    Section 1983 Claims Against Defendant Fontánez

Defendant Fontánez alleges in his motion to dismiss
(1) that the plaintiffs' claims are time-barred, and (2) that
defendant Fontánez was not acting under color of law, so there is
no cause of action against him pursuant to section 1983.  The Court
addresses each argument in turn.

### 1.    Statute of Limitations Standard

"Affirmative defenses, such as the statute of
limitations, may be raised in a motion to dismiss under
[Rule 12(b)(6)], provided that 'the facts establishing the defense

---

[9]   The Commonwealth asserts in its motion to dismiss that it
is immune from the section 1983 claims pursuant to the Eleventh
Amendment.  Because the Court finds that plaintiffs fail to state
a claim against the Commonwealth pursuant to section 1983, the
Court does not need to address immunity with respect to the
section 1983 claims.  Nevertheless, the Court notes that it is
well-settled that section 1983 does not override Puerto Rico's
Eleventh Amendment immunity from suit.  Quern v. Jordan, 440 U.S.
332, 345 (1979); see, e.g., Culebras Enterprises Corp. v. Rivera
Rios, 813 F.2d 506, 516 (1st Cir. 1987).

[10] Because the Supreme Court has held that "neither a State nor
its officials acting in their official capacities are 'persons'
under § 1983," all section 1983 claims against defendant Fontánez
in his official capacity are also **DISMISSED WITH PREJUDICE**.  Will,
491 U.S. at 71.

[are] clear on the face of the plaintiff's pleadings.'" Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008) (quoting Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)). "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." Id.

        The statute of limitations for section 1983 is borrowed from the forum state's statute of limitations for personal injury actions. Owens v. Okure, 488 U.S. 235, 240-241 (1989); Rosario Rivera v. Aqueduct and Sewer Auth. of P.R., 472 F. Supp. 2d 165, 170 (D.P.R. 2007) (citing Wilson v. García, 471 U.S. 261, 276-278 (1985); López-González v. Municipality of Comerío, 404 F.3d 548, 551 (1st Cir. 2005); Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997)). Pursuant to Puerto Rico law, the applicable limitations period for personal injury actions is one year. See P.R. Laws Ann. tit. 31, § 5298 (2006); Carreras-Rosa, 127 F.3d at 174. Accordingly, the one-year limitations term applies for section 1983 actions in Puerto Rico. Torres v. Superintendent of the Police of P.R., 893 F.2d 404, 406 (1st Cir. 1990).

        "Although the limitations period is determined by state law, the date of accrual is a federal law question."

Carreras-Rosa, 127 F.3d at 174.  Pursuant to federal law, the
accrual period "'ordinarily starts when the plaintiff knows, or has
reason to know of the injury on which the action is based.'"  Id.
(quoting Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st
Cir. 1992)).  Therefore, the one-year statute of limitations for
actions brought pursuant to section 1983 "begins running one day
after the date of accrual, which is the date plaintiff knew or had
reason to know of the injury." Benítez-Pons v. Com. of P.R., 136
F.3d 54, 59 (1st Cir. 1998) (internal citations omitted).  As a
result, "[i]f a plaintiff brings an action more than a year after
the injury took place, she bears the burden of proving that she
lacked the requisite 'knowledge' at the relevant times." Hodge v.
Parke Davis & Co., 833 F.2d 6, 7 (1st Cir. 1987) (citing Iluminada
Rivera-Encarnación v. Estado Libre Asociado de P.R., 13 Offic.
Trans. 498, 501, 113 P.R. Dec. 383, 385 (P.R. 1982)); see also
Fragoso v. López, 991 F.2d 878, 887 (1st Cir. 1993); Kaiser v.
Armstrong World Indus., 872 F.2d 512, 516 (1st Cir. 1989).

          While the determination of the limitations period is
a matter of federal law, the tolling of the statute of limitations
in section 1983 actions is governed by state law.  Wilson v.
García, 471 U.S. 261, 269 (1985); Poy v. Boutselis, 352 F.3d 479,
483 (1st Cir. 2003); Carreras–Rosa, 127 F.3d at 173.  Pursuant to
Article 40 of the Puerto Rico Code of Civil Procedure, P.R. Laws
Ann. tit. 32, § 254(a) (2004), the one-year statutory period "is

tolled until a plaintiff's twenty-first birthday in the event that the plaintiff is a minor at the time the action is filed." Aybar v. Crispín-Reyes, 118 F.3d 10, 15 n.6 (1st Cir. 1997). See also, Cruz-Vargas v. R.J. Reynolds Tobacco Co., 218 F. Supp. 2d 109, 114 (D.P.R. 2002) (holding that plaintiff's claims were "not time-barred because he is a minor and the statute of limitations is tolled until he reaches the age of majority"); Ocasio-Berríos v. Bristol Myers Squibb Caribbean Corp., 73 F. Supp. 2d 171, 174 (D.P.R. 1999) ("In Puerto Rico, statutes of limitations do not run against minors until they reach the legal age of 21.")  "This tolling provision extends to both the minor's own causes of action as well as to those inherited while still under legal age." Torres v. E.I. Dupont De Nemours & Co., 219 F.3d 13, 19 (1st Cir. 2000) (citing De Jesús v. Chardón, 116 D.P.R. 238, 254 (1985)).

        Defendant Fontánez alleges that plaintiffs failed to bring this suit within the appropriate statute of limitations period.  The complaint alleges that the injuries to the decedents occurred on July 17, 2011, and this action was not filed until August 8, 2012, over a year later.  (Docket No. 1 at p. 3.) Because the appropriate statute of limitations is one year, the section 1983 claims in the complaint was not filed within the appropriate period, and the plaintiffs must establish that either (1) they lacked requisite "knowledge" at the relevant times, or (2) a different time period should apply.  See Trans-Spec Truck

Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir.
2008); see also Hodge v. Parke Davis & Co., 833 F.2d 6, 7 (1st Cir.
1987).  The Court finds plaintiffs' arguments unavailing.

        First, plaintiffs concede that the adult plaintiffs
learned of the decedents' deaths on July 17, 2011.[11]  They imply
that because they did not know who killed the decedents at that
time, the statute of limitations should not begin to run on that
date.[12]  The date of accrual under section 1983, however, is
determined by federal law, so the statute of limitations began to
run on July 18, 2011 — the day after the plaintiffs learned of the
deaths.  Therefore, because this action was filed on August 7,
2012, it was filed after the statute of limitations for
section 1983 actions had run.  Second, plaintiffs allege that the
statute of limitations for minor plaintiff KPB's claim is tolled

---

        [11] As the Court indicated in Note 5 above, although plaintiffs'
opposition actually lists July 14, 2011, the Court will adopt July
17, 2011, as the correct date because it is most favorable to the
plaintiffs, as the non-moving party.

        [12] Plaintiffs suggest that "knowledge of the injury is imputed
to the plaintiff when he has notice of both the injury itself and
who caused it."  (Docket No. 12 at p. 6) (citing Torres v. E.I.
DuPont, 219 F.3d 13, 18 (1st Cir. 2000).  Torres was a diversity
suit governed by the law of Puerto Rico, so the Court adopted
Puerto Rico's date of accrual standard that requires notice of the
injury *and* who caused the injury.  Torres, 219 F.3d at 18.  In
contrast, section 1983 suits do not adopt Puerto Rico's date of
accrual standard, but instead rely on the federal standard that
*only* requires notice of the injury for the statute of limitations
to begin to run.  Carreras-Rosa, 127 F.3d at 174.

until KPB's twenty-first birthday.[13]  The Court finds that because KPB is a minor, the statute of limitations is tolled until his or her twenty-first birthday.  Accordingly, Fontánez's motion to dismiss the section 1983 claims against him is **GRANTED** with respect to all adult plaintiffs, and **DENIED** with respect to minor plaintiff KPB.

### 2.   Color of Law

Section 1983 only applies to persons acting pursuant to color of state law.  Rehberg v. Paulk, 132 S. Ct. 1497, 1505 (2012) (citing Briscoe v. LaHue, 460 U.S. 325, 329 (1983)).  To determine whether an officer was engaged in personal pursuits or acting under the color of state law, the Court must assess the officer's conduct in light of the totality of the circumstances. Martínez v. Colón, 54 F.3d 980, 987 (1st Cir. 1995).  "The key determinant is whether the actor, at the time in question, purports to act in an official capacity or to exercise official responsibilities pursuant to state law."  Id. at 986 (citing West v. Atkins, 487 U.S. 42, 49 (1988)); see also Parrilla-Burgos v. Hernández-Rivera, 108 F.3d 445, 449 (1st Cir. 1997) (citing Martínez, at 986-87) (holding that a court may consider several "not necessarily determinative" factors such as "an officer's duty status, including the existence of a regulation providing that

---

[13] The section 1983 claims of minor plaintiffs JG and AG are not addressed here because they are dismissed for lack of standing.

officers are on duty twenty-four hours a day; [and] the officer's use of a service revolver.")  Conduct that occurs in the course of performing an apparent duty of the actor's office can be concluded to be taken under color of law even if the actions are an abuse of authority.  See Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 128 (1st Cir. 1999).

Fontánez alleges that his actions did not take place under the color of Puerto Rico law, and thus contends that there is no cause of action against him in his individual capacity pursuant to section 1983. (Docket No. 8. at p. 8.)  In response, plaintiffs allege that Fontánez claimed that "he intervened with the [decedents] because they robbed some people in Santurce," and that he shot them using his official weapon. (Docket No. 12 at p. 2.)  Additionally, plaintiffs allege that, according to Puerto Rico Law, police officers are police officers twenty-four hours a day. (Docket No. 12 at p. 2.)  Taking these allegations as true, defendant Fontánez's argument fails because he was performing his duty as a police officer for the Commonwealth of Puerto Rico. Therefore, the pleadings allege sufficient facts to state a plausible claim that Fontánez was acting under color of state law. See West, 487 U.S. at 50 ("Thus, generally, a public employee acts under color of state law . . . while exercising his responsibilities."). Accordingly, Fontánez's motion to dismiss the

claims against him in his individual capacity because he was not acting under color of law is **DENIED.**

### C.   Supplemental State Law Claims

When a district court has original jurisdiction over a claim, the court also has supplemental jurisdiction over state law claims that form part of the same case or controversy.  28 U.S.C. § 1367(a).  Because minor plaintiff KPB's section 1983 claim against defendant Fontánez remains, the Court may exercise supplemental jurisdiction over state law claims that "derive from a common nucleus of operative fact."  Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).  The Court should consider "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving [supplemental] state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).

### 1.   State Law Claims Against the Commonwealth

The Commonwealth alleges in its motion to dismiss that it is immune to suit in federal court pursuant to the Eleventh Amendment to the United States Constitution.  (Docket No. 5 at p. 5.)  The Eleventh Amendment[14] prevents damages suits against a state in federal court without the state's consent.  U.S. Const.

---

[14] The Eleventh Amendment provides:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.

Amend. XI; see, e.g., Medina-Medina v. Puerto Rico, 769 F. Supp. 2d
77, 80 (D.P.R. 2011).  The Commonwealth of Puerto Rico is treated
as a state for Eleventh Amendment purposes.  Espinal-Domínguez v.
P.R., 352 F.3d 490, 494 (1st Cir. 2003).  "'[W]hen the action is in
essence one for the recovery of money from the state, the state is
the real, substantial party in interest and is entitled to invoke
its sovereign immunity from suit. . . .'"  Metcalf & Eddy, Inc.,
991 F.2d 935, 939 (1st Cir. 1993) (quoting Ford Motor Co. v. Dep't.
of Treasury, 323 U.S. 459, 464 (1945), overruled on other grounds
by Lapides v. Bd. of Regents of Univ. Syst. of Ga., 535 U.S. 613
(2002)).  "A state can waive its Eleventh Amendment immunity to
suit in three ways:  (1) by a clear declaration that it intends to
submit itself to the jurisdiction of a federal court or
administrative proceeding; (2) by consent to or participation in a
federal program for which waiver of immunity is an express
condition; or (3) by affirmative conduct in litigation."  New
Hampshire v. Ramsey, 366 F.3d 1, 15 (1st Cir. 2004) (internal
citations omitted).

    Although the Commonwealth has consented to be sued
for damages in actions brought under article 1802, the
Commonwealth's general negligence statute,[15] "such consent does not

---

[15]  Article 1803, in reference to article 1802, provides:  "The
Commonwealth is liable in this sense under the same circumstances
and conditions as those under which a private citizen would be
liable."  31 L.P.R.A. § 5142.

extend to actions filed in any courts but the Commonwealth's own." Díaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006). "Neither [article] 1802 or 1803 contains an explicit waiver of the Commonwealth's sovereign immunity.  And Law 104, P.R. Laws Ann. tit. 32, § 3077, which abrogates the Commonwealth's immunity with respect to negligence suits filed against the Commonwealth in Puerto Rico's Court of the First Instance, does not extend that waiver to suits filed in federal court."  Id.; see also Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 & n.9 (1984) (noting that "[a] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued.").  Additionally, where all federal law claims against a defendant have been dismissed, the Court should also decline to exercise supplemental jurisdiction over state law claims. Camelio v. American Fed'n., 137 F.3d 666, 672 (1st Cir. 1998).

Accordingly, because the Court finds that the Commonwealth has not waived its immunity to damages suit in federal court and all federal law claims against the Commonwealth are dismissed, all state law claims against the Commonwealth are **DISMISSED WITHOUT PREJUDICE**.[16]

---

[16] As stated earlier, defendant Fontánez, in his official capacity, is also immune to suit in federal court under the Eleventh Amendment.  Accordingly, all state law claims against defendant Fontánez in his official capacity are **DISMISSED WITHOUT PREJUDICE.**

### 2.   State Law Claims Against Defendant Fontánez in His Individual Capacity

Defendant Fontánez contends that the claims against him pursuant to article 1802 should be dismissed, along with the section 1983 claims, because they are time-barred.  (Docket No. 8 at p. 9.)  Similar to section 1983 claims, article 1802 claims must be brought within one year from the time the aggrieved party has knowledge of the injury.  Torres, 219 F.3d at 18.  Unlike section 1983 claims, however, the date of accrual — the date when the aggrieved party has knowledge of the injury — for the statute of limitations for article 1802 claims is governed by Puerto Rico law.  The Supreme Court of Puerto Rico has held that a plaintiff has knowledge of an injury when he has (1) "notice of the injury" and (2) "notice of the person who caused it."  Colón-Prieto v. Géigel, 15 P.R. Offic. Trans. 313, 330 (P.R. 1984).

Although adult plaintiffs admit that they had notice of the injury on July 17, 2011, they contend that they did not have notice of the person who caused it on that date.  (Docket No. 12 at p. 3.)  The plaintiffs do not state the date that they learned who caused the injury.  Because the plaintiffs brought the action more than a year after the injury took place, they "bear[] the burden of proving that [they] lacked the requisite 'knowledge' at the relevant times.  Hodge v. Parke Davis & Co., 833 F.2d 6, 7 (1st Cir. 1987) (citing Illuminada Rivera Encarnación v. Estado Libre Asociado de P.R., 12 Offic. Trans 498, 501 (1982)).  At this motion

to dismiss stage, however, plaintiffs need only plead a plausible claim, and the Court finds that it is plausible that the plaintiffs did not have knowledge of who caused the injury until at least August 7, 2011.  Additionally, plaintiffs contend that the one-year statute of limitations period for the claims of minor plaintiffs KPG, JG, and AG is tolled because they are minors.  As the Court noted previously, the statutory period, pursuant to Commonwealth law, "is tolled until a plaintiff's twenty-first birthday in the event that the plaintiff is a minor at the time the action is filed."  <u>Aybar</u>, 118 F.3d at 15 n.6.  Accordingly, the Court finds that, at this motion to dismiss stage, the article 1802 claims of minor plaintiffs KPG, JG, and AG are not time-barred.  Because plaintiffs adequately plead that they did not have the requisite 'knowledge' at the relevant time, and the minor plaintiffs limitations period are tolled, defendant Fontánez's motion to dismiss plaintiffs' article 1802 claims is **DENIED.**

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Commonwealth's motion to dismiss and **GRANTS in part and DENIES in part** defendant Fontánez's motion to dismiss.  All claims against unnamed defendants are **DISMISSED WITHOUT PREJUDICE.**  All federal law claims against the Commonwealth are **DISMISSED WITH PREJUDICE.**  All state law claims against the Commonwealth are **DISMISSED WITHOUT PREJUDICE.**  The federal law claims of all non-heir plaintiffs are

**DISMISSED WITH PREJUDICE** for lack of standing.  The federal law claims of plaintiffs Lucy Cesáreo, Juan González-Vellón, and Mayra Carmona are **DISMISSED WITH PREJUDICE** because they were not filed within the requisite statutory period.  Defendant Fontánez's motion to dismiss minor plaintiff KPB's section 1983 claim is **DENIED**. Additionally, defendant Fontánez's motion to dismiss all article 1802 claims is **DENIED**.  Therefore, the remaining claims are minor plaintiff KPB's section 1983 claim against defendant Fontánez, and all plaintiffs' article 1802 claims against defendant Fontánez.

> **IT IS SO ORDERED.**

San Juan, Puerto Rico, June 27, 2013.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
